UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| WINTER WILDLANDS ALLIANCE,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE,<br><br>    Defendant,<br><br>and<br><br>BLUERIBBON COALITION, INC., IDAHO STATE SNOWMOBILE ASSOCIATION, INC., and AMERICAN COUNCIL OF SNOWMOBILE ASSOCIATIONS, INC.,<br><br>    Defendant-Intervenors,<br><br>and<br><br>INTERNATIONAL SNOWMOBILE MANUFACTURERS ASSOCIATION, INC.,<br><br>    Applicant Defendant-Intervenor. | Case No. 1:11-cv-00586-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Currently before the Court is International Snowmobile Manufacturers Association, Inc.'s Motion to Intervene (Dkt. 71), which seeks permissive intervention pursuant to Fed. R. Civ. P. 24(b).

**MEMORANDUM DECISION AND ORDER - 1**

BACKGROUND

This case involves Winter Wildlands Alliance's ("Plaintiff") challenge to Subpart C of the 2005 Travel Management Rule. (*See* Memorandum Decision and Order, Dkt. 63, at pp. 2-11.) On March 29, 2013, this Court entered a Memorandum Decision and Order which held that the 2005 Travel Management Rule was contrary to Executive Order 11644, granted Plaintiff's motion for summary judgment, denied Defendant U.S. Forest Service's cross-motion for summary judgment, and denied the cross-motion for summary judgment filed by Intervenors[1] Idaho State Snowmobile Association, Inc., American Council of Snowmobile Associations, Inc., and BlueRibbon Coalition (collectively, "Intervenors"). Judgment was entered in favor of Plaintiff and the Forest Service was directed to issue a new travel management rule within 180 days. (Judgment, Dkt. 64.)

On June 3, 2013, the Court issued an Amended Judgment and Order granting the Forest Service's request to alter the judgment to allow additional time for the Forest Service to comply with the Court's order. (*See* Dkts. 65, 72.) On July 19, 2013, the Intervenors filed a notice of appeal. The Forest Service did not appeal the Court's order.

On July 18, 2013, the applicant intervenor, International Snowmobile Manufacturers Association, Inc. filed the pending Motion to Intervene for Purposes of Appeal (Dkt. 71).

MOTION TO INTERVENE

International Snowmobile Manufacturers Association, Inc. ("ISMA") seeks to intervene pursuant to Fed. R. Civ. P. 24(b). ISMA contends that, as an association of manufacturers of

---

[1] The present Intervenors, Idaho State Snowmobile Association, Inc., American Council of Snowmobile Association, Inc., and BlueRibbon Coalition, Inc. were allowed to intervene upon stipulation. (*See* Dkts. 15, 25, 30 and 31).

**MEMORANDUM DECISION AND ORDER - 2**

snowmobiles and snowmobile parts, the use of its members' products will be affected by the ultimate disposition of the matter, *i.e.*, fewer National Forest areas will be open to snowmobiling, resulting in fewer sales and rentals of snowmobiles in areas near the National Forests and reduced demand for snowmobiles and snowmobile parts.

A.      **Standard of Law for Motion to Intervene**

Permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B) may be granted where the applicant "shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). When a proposed intervenor has met those requirements, "the court may also consider other factors in the exercise of discretion, including the nature and extent of the intervenors' interest and whether the intervenors' interests are adequately represented by other parties." *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Rule 24(b)(3) also requires that the court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Court is granted broad discretion in this determination. *Perry v. Schwarzenegger*, 630 F.3d 898 (9th Cir. 2011).

"A post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal." *Yniguez v. State of Arizona*, 939 F.2d 727, 734 (9th Cir. 1991). In this case, where the "United States or its officers or agency is a party, the notice of appeal may be filed by any party within 60 days" after the judgment is entered. Fed. R. App. P. 4(a)(1)(B).

Here, the Amended Judgment and Order was entered June 3, 2013. ISMA's Motion to Intervene was filed on July 18, 2013, well within the 60-day period. The Court then considers

**MEMORANDUM DECISION AND ORDER - 3**

whether to exercise its discretion to permit intervention under the applicable standards. Ordinarily, that analysis might well begin and end with the requirement that ISMA demonstrate independent jurisdictional grounds to join the case.  However, the Ninth Circuit does not require such a showing by "proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."  *Freedom from Religion Foundation v. Geithner* 644 F.3d 836, 844 (9th Cir. 2011).  This case is grounded in federal question jurisdiction and ISMA avers that it does not seek to bring any counterclaims or cross-claims.  Accordingly, ISMA is not required to show an independent jurisdictional ground as a prerequisite to joining the lawsuit.

Various other factors arguably also militate in favor of allowing intervention.  Neither the Plaintiff nor the Forest Service argues against the proposition that ISMA's proposed intervention is premised upon common questions of law or fact as the main action.  ISMA disavows any intention to seek to raise new arguments and its positions upon the interpretation of the 2005 Travel Management Rule necessarily implicate the same arguments raised by the Forest Service and the Intervenors in their cross-motions for summary judgment.

Further, the Court may consider the possibility of undue delay and prejudice to the original parties.  There is unlikely any undue delay from intervention by ISMA, as ISMA says it consents to be bound by the existing record, that it would work with other the existing Intervenors in taking a unified position, and that it would not seek to extend any deadlines.  In such a setting, the likelihood of prejudice to any other party seems remote.

Other factors, however, weigh more strongly against allowing ISMA to intervene.  To begin, it is apparent that ISMA's interests mirror the interests of the existing Intervenors.  ISMA is an association of manufacturers of snowmobiles and snowmobile parts.  Declaration of Ed

**MEMORANDUM DECISION AND ORDER - 4**

Klim, Dkt. 73, ¶¶ 4-5.  ISMA acknowledges that its "perspective will be similar to those of the existing intervenors . . ."  ISMA's Motion to Intervene, Dkt. 72, p. 5.  Even if ISMA's goals could be argued to be somewhat distinct, rather than precisely identical, to the existing Intervenors, any differences that might exist are nonetheless consistent with the interests advanced by the existing Intervenors.  For instance, even if the BlueRibbon Coalition has a particular interest in maintaining motorized access to the public lands (and including more than just snowmobiles), the interests of ISMA's member manufacturers to keep public lands open to snowmobiles for the benefit of their industry is not in any way at odds with the goals of the BlueRibbon Coalition.  The same is true for the particular interest of the members of the Idaho State Snowmobile Association ("ISSA")and the American Council of Snowmobile Associations ("ACSA").   In sum, the already existing Intervenors represent a broad spectrum of local, regional, and national organizations that represent snowmobile users, clubs, dealers, distributors, and resort owners.  Affidavit of Sandra Mitchell, Dkt. 18, ¶ 3; Affidavit of Christine Jourdain, Dkt. 19, ¶ 9; Declaration of Kay Lloyd, Dkt. 4, ¶ 3.   Those Intervenors seek to prevent, wherever possible, the closure of National Forest areas to snowmobile use.  Lloyd Decl., ¶¶ 5-6; Mitchell Aff., ¶¶ 6-8; Jourdain Aff., ¶¶ 6-11. That is exactly the result sought by ISMA, because ISMA contends that any such closures will result in fewer sales and rentals of snowmobiles, reduced demand for snowmobiles and snowmobile parts, and financial harm.

      Accordingly, the existing Intervenors have materially identical interests in promoting continued snowmobile use in the National Forests.   Both the existing Intervenors and ISMA share the same ultimate objective – to uphold the 2005 Travel Management Rule.  ISMA's main argument for allowing intervention is essentially that there is no reason not to allow intervention,

**MEMORANDUM DECISION AND ORDER - 5**

because nothing will change the existing legal and factual landscape of the case and it will contribute resources and experience to the appeal.[2]  These are not sufficiently compelling reasons to allow intervention at this time, in this case.  The existing Intervenors have filed a notice of appeal in this case and the record developed to date indicates that they can adequately represent their own interests, which parallel ISMA's interests.  Their counsel have been involved with the case from the outset and are familiar with the factual and legal issues.   Therefore, because the goals of ISMA and the existing Intervenors are identical in every material respect and because the existing Intervenors can adequately represent those interests, the Court will deny ISMA's motion for permissive intervention.[3]

## ORDER

**IT IS HEREBY ORDERED** that International Snowmobile Manufacturers Association's Motion to Intervene for Purposes of Appeal (Dkt. 71) is **DENIED**.

DATED:  **October 25, 2013**

_____
Honorable Ronald E. Bush
U. S. Magistrate Judge

---

[2]  Indeed, ISMA says that it will participate in the appeal behind the scenes, even if it is not granted the right to intervene as a party.  *See* ISMA's Motion to Intervene, Dkt. 72, p. 6.

[3] The Plaintiff and the Forest Service also argue that ISMA must, but cannot, demonstrate standing to support its request to intervene.  Because the Court denies this motion on other grounds, it is not necessary to decide the question of standing.

**MEMORANDUM DECISION AND ORDER - 6**